**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Western__ District of __Pennsylvania__
(State)

Case number (If known): _____    Chapter __11__

☐ Check if this is an amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Rockdale Marcellus, LLC

2. **All other names debtor used in the last 8 years**  N/A

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  8 2 - 2 0 7 8 7 6 7

4. **Debtor's address**

   **Principal place of business**
   4600 J. Barry Ct., Suite 220
   Number   Street

   Canonsburg    PA    15317
   City          State  ZIP Code

   Washington County
   County

   **Mailing address, if different from principal place of business**
   _____
   Number   Street

   P.O. Box _____

   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**
   _____
   Number   Street

   _____

   City    State    ZIP Code

5. **Debtor's website (URL)**  N/A

Debtor  **Rockdale Marcellus, LLC**  Case number (*if known*)_____
_____Name_____

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☑ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br><br>2  1  1  1 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11. *Check **all** that apply*:<br>  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☐ A plan is being filed with this petition.<br>  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |

Debtor  **Rockdale Marcellus, LLC**    Case number (*if known*)_____
     Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   ☒ No
   ☐ Yes. District _____ When _____ Case number _____
                                      MM / DD / YYYY

   If more than 2 cases, attach a separate list.
           District _____ When _____ Case number _____
                                      MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☐ No
    ☒ Yes. Debtor **Rockdale Marcellus Holdings, LLC**  Relationship **Affiliate**
          District **Western District of Pennsylvania**  When **9/21/21**
                                                               MM / DD / YYYY

    List all cases. If more than 1, attach a separate list.
          Case number, if known _____

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                             Number   Street

    _____
    _____
    City                State  ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
          Contact name _____
          Phone _____

---

     **Statistical and administrative information**

Debtor  **Rockdale Marcellus, LLC**                                          Case number (*if known*)_____
          Name

| | | | |
|---|---|---|---|
| 13. **Debtor's estimation of available funds** | *Check one:* <br> ☐ Funds will be available for distribution to unsecured creditors. <br> ☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |
| 14. **Estimated number of creditors** | ☐ 1-49 <br> ☐ 50-99 <br> ☐ 100-199 <br> ☐ 200-999 | ☒ 1,000-5,000 <br> ☐ 5,001-10,000 <br> ☐ 10,001-25,000 | ☐ 25,001-50,000 <br> ☐ 50,001-100,000 <br> ☐ More than 100,000 |
| 15. **Estimated assets** | ☐ $0-$50,000 <br> ☐ $50,001-$100,000 <br> ☐ $100,001-$500,000 <br> ☐ $500,001-$1 million | ☐ $1,000,001-$10 million <br> ☐ $10,000,001-$50 million <br> ☐ $50,000,001-$100 million <br> ☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion <br> ☐ $1,000,000,001-$10 billion <br> ☐ $10,000,000,001-$50 billion <br> ☐ More than $50 billion |
| 16. **Estimated liabilities** | ☐ $0-$50,000 <br> ☐ $50,001-$100,000 <br> ☐ $100,001-$500,000 <br> ☐ $500,001-$1 million | ☐ $1,000,001-$10 million <br> ☐ $10,000,001-$50 million <br> ☐ $50,000,001-$100 million <br> ☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion <br> ☐ $1,000,000,001-$10 billion <br> ☐ $10,000,000,001-$50 billion <br> ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

    The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

    I have been authorized to file this petition on behalf of the debtor.

    I have examined the information in this petition and have a reasonable belief that the information is true and correct.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on  **09/21/2021**
                    MM  /  DD  /  YYYY

    ✗  ___*/s/ John C. DiDonato*___              **John C. DiDonato**_____
    Signature of authorized representative of debtor         Printed name

    Title  **Chief Restructuring Officer**

Debtor  **Rockdale Marcellus, LLC**
Name

Case number (*if known*)_____

**18. Signature of attorney**   ✗ */s/ Luke A. Sizemore*   Date   09/21/2021
Signature of attorney for debtor    MM / DD / YYYY

Luke A. Sizemore
Printed name

Reed Smith LLP
Firm name

225 Fifth Avenue, Suite 1200
Number    Street

Pittsburgh                               PA         15222
City                                    State      ZIP Code

412-288-3131                            lsizemore@reedsmith.com
Contact phone                           Email address

306443                                  PA
Bar number                              State

## ROCKDALE MARCELLUS HOLDINGS, LLC

### Officer's Certificate

I, John DiDonato, Chief Restructuring Officer of Rockdale Marcellus Holdings, LLC, a Texas limited liability company (the "Company"), hereby certify as of the date hereof that:

Attached hereto as **Exhibit A** is a true and complete copy of the resolutions (the "Resolutions") duly adopted by the Board of Managers of the Company related to the voluntary petitions under chapter 11 of the Bankruptcy Code of the Company and Rockdale Marcellus, LLC, for which the Company is the sole member and manager. The Resolutions have not been amended, modified, or rescinded and remain in full force and effect on the date hereof.

IN WITNESS HEREOF, I have hereunto signed my name to this Officer's Certificate this __21st__ day of __September__, 2021.

_____
John DiDonato
Chief Restructuring Officer

## EXHIBIT A

Resolutions

(Attached)

# RESOLUTIONS
# OF
# THE BOARD OF MANAGERS
# OF
# ROCKDALE MARCELLUS HOLDINGS, LLC

### September 20 - 21, 2021

The managers of the board of managers (each individually, a "***Manager***" and collectively, the "***Board***") of Rockdale Marcellus Holdings, LLC, a Texas limited liability company ("***Parent***"), acting on behalf of Parent individually and in Parent's capacity as the sole manager of Rockdale Marcellus, LLC, a Texas limited liability company ("***Opco***", and together with Parent, the "***Companies***"), hereby take the following actions and consent to, adopt, and agree to the following resolutions:

### RECITALS

**WHEREAS**, the Companies are indebted under (1) a senior secured credit facility dated July 18, 2018, as amended, by and among Parent, Opco, Delaware Trust Company, as administrative agent, and the lenders from time to time party thereto, as amended; and (2) a term loan agreement dated July 18, 2018, as amended, by and among Parent, Opco, White Oak Global Advisors, LLC, as administrative agent, and the lenders from time to time party thereto;

**WHEREAS**, the Board has considered one or more transactions to reorganize or restructure the indebtedness and capital structure of the Companies, including, among other things, through (i) seeking relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"), (ii) an out-of-court restructuring of the Companies' indebtedness, (iii) an asset or equity sale to improve liquidity or facilitate a restructuring, (iv) other similar transactions, or (v) a combination thereof.

**WHEREAS**, the Board has received, reviewed and considered the recommendations of advisors, as well as the relative risks and benefits of filing a petition seeking relief for the Companies under chapter 11 of the Bankruptcy Code;

**WHEREAS**, Section 8.1 of the Amended and Restated Operating Agreement of Parent dated July 18, 2018 (the "***Operating Agreement***") provides that the Board may authorize or declare a voluntary bankruptcy on behalf of the Parent with the consent of a Majority of the Members (including the consent of the Preferred Member(s) holding a majority of the Preferred Units and the consent of the Preferred Member(s) holding a majority of the Preferred A Units) (the "***Requisite Members***"), which consent shall not be unreasonably withheld, denied or conditioned;

**WHEREAS,** the Board understands that, as of the date hereof, the Requisite Members have not consented to the filing of the petition as authorized hereby; and

**WHEREAS**, the Companies and the Board have determined that the consent of the Requisite Members has been unreasonably withheld, denied, and/or conditioned; and

**WHEREAS,** Parent is the sole member and Manager of Opco as set forth in Section 3.1 of the Amended and Restated Limited Liability Company Agreement of Opco dated July 18, 2018, and has the sole authority to manage the affairs of Opco.

**Chapter 11 Petition**

**NOW BE IT RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Companies, their creditors, their members, and other interested parties for the Companies to file a petition in the United States Bankruptcy Court for the Western District of Pennsylvania (the "**Bankruptcy Court**") seeking relief under chapter 11 of the Bankruptcy Code and the filing of such petition is authorized hereby; and it is further

**RESOLVED**, that, subject to the conditions set forth herein, the Board is hereby authorized, on behalf of Parent individually and in Parent's capacity as the sole manager of Opco, to file a petition in the Bankruptcy Court seeking relief under chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that any Manager or duly appointed officer or vice president, including for avoidance of doubt, John DiDonato in his capacity as Chief Restructuring Officer of the Companies (the "**Authorized Persons**"), are hereby authorized, empowered, and directed, on behalf of the Companies, to execute and verify a petition in the names of the Companies under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as such Authorized Person executing said petition on behalf of the Companies shall determine; and it is further

**RESOLVED**, that each of the Authorized Persons hereby is authorized, empowered, and directed, on behalf of and in the name of the Companies, to execute, verify, and file, or cause to be filed, executed, or verified, all necessary documents, including all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other papers, and in that regard to employ and retain such assistance of legal and financial advisors and other professionals and to take any and all action that they deem necessary, proper, or desirable in connection with the chapter 11 case; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any of the Authorized Persons to seek relief on behalf of the Companies under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 case or any matter related thereto be, and they hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Companies; and it is further

**RESOLVED**, that the foregoing resolutions consenting to the filing of the petition as authorized hereby are expressly subject to and conditioned upon the failure by the Companies to have obtained fully executed, enforceable extensions of any applicable forbearance agreement within three (3) hours prior to the expiration thereof; and it is further

**Retention of Professionals**

**RESOLVED**, that each of the Authorized Persons is authorized, empowered, and directed, on behalf of and in the name of the Companies, to retain the law firm of Reed Smith

LLP ("**Reed Smith**") to render legal services to the Companies in connection with the chapter 11 case and any other related matters or proceedings in connection therewith on such terms as such Authorized Person shall approve; and it is further

**RESOLVED**, that each of the Authorized Persons is authorized, empowered, and directed, on behalf of and in the name of the Companies, to retain the restructuring advisory firm of Huron Consulting Services LLC, including John DiDonato as the Companies' Chief Restructuring Officer, to represent and assist the Companies in carrying out its duties under the Bankruptcy Code and to advance the Companies' rights and obligations in connection with the chapter 11 case and any other related matters or proceedings in connection therewith on such terms as such Authorized Person shall approve; and it is further

**RESOLVED**, that each of the Authorized Persons is authorized, empowered, and directed, on behalf of and in the name of the Companies, to retain the investment banking and strategic advisory firm of Houlihan Lokey Capital, Inc. ("**Houlihan**") to render investment banking services to the Companies in connection with the chapter 11 case and any other related matters or proceedings in connection therewith on such terms as such Authorized Person shall approve; and it is further

**Debtor-in-Possession Financing**

**RESOLVED**, that the Board hereby authorizes the Companies to obtain a senior secured super-priority debtor-in-possession line of credit with a maximum amount of $20,000,000 in new money on such terms and conditions as may be satisfactory to the Chief Restructuring Officer of the Companies in his sole discretion after consultation with Reed Smith and Houlihan; and it is further

**RESOLVED**, that each of the Authorized Persons is authorized, empowered, and directed, on behalf of and in the name of the Companies, to execute and deliver a debtor-in-possession credit agreement and any other loan documents accompanying such credit agreement (collectively, the "**DIP Credit Documents**") in form and substance satisfactory to the Chief Restructuring Officer of the Companies in his sole discretion after consultation with Reed Smith and Houlihan; and it is further

**RESOLVED**, that each of the Authorized Persons is authorized, empowered, and directed, on behalf of and in the name of the Companies, to borrow and repay in the future under the DIP Credit Documents, to generally administer borrowing under and in compliance with the DIP Credit Documents, and to take such further actions as the Chief Restructuring Officer of the Companies may deem necessary, appropriate, or advisable in connection therewith; and it is further

**RESOLVED**, that each of the Authorized Persons is authorized, empowered, and directed, on behalf of and in the name of the Companies, to prepare, execute, and deliver such documents, including, without limitation, each of the DIP Credit Documents, and to take such other action as the Chief Restructuring Officer of the Companies may deem necessary, appropriate, or advisable to carry out the purposes of the foregoing resolutions; and it is further

**General**

**RESOLVED**, that each of the Authorized Persons hereby is authorized, empowered and directed, on behalf of and in the name of the Companies, to pay all necessary and reasonable fees and expenses incurred in connection with the transactions contemplated by these resolutions; and it is further

**RESOLVED**, that in addition to the specific authorizations heretofore conferred, each of the Authorized Persons hereby is, authorized, empowered and directed to take or cause to be taken all such further actions, to execute and deliver or cause to be executed and delivered all such further certificates, agreements, instruments and documents and to incur all such fees and expenses, on behalf of and in the name of the Companies, as in his or her judgment shall be necessary, appropriate or advisable in order to carry out fully the intent and purposes of the foregoing resolutions and each of them; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any of the Authorized Persons prior to adoption of these resolutions with respect to the matters contemplated by these resolutions be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Companies; and it is further

**RESOLVED**, that these resolutions be filed in the books and records of the Companies.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| IN RE: | Chapter 11 |
| --- | --- |
| ROCKDALE MARCELLUS, LLC, | Case No. 21- |
| Debtor.[1] | Document No. _____ |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, and Local Rule 7.1.1 of the United States District Court for the Western District of Pennsylvania, and to enable Judges to evaluate possible disqualification or recusal, the following individuals and/or entities directly or indirectly owns 10% or more of any class of the above-captioned Debtor's equity interests:

| Shareholder | Approx. Percentage of Shares Held |
| --- | --- |
| Rockdale Marcellus Holdings, LLC | 100% |

---

[1] The last four digits of the Debtor's taxpayer identification number are 8767. The Debtor's address is 4600 J. Barry Ct., Suite 220, Canonsburg, PA 15317

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Chapter 11 |
| ROCKDALE MARCELLUS, LLC, | Case No. 21- |
| Debtor.[1] | Document No. _____ |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, Rockdale Marcellus, LLC, a debtor and debtor-in-possession in the above-captioned chapter 11 case, hereby provides the following list of holders of equity interests:

| Name and last known address or place of business of holder | Percentage |
|---|---|
| Rockdale Marcellus Holdings, LLC<br>945 Bunker Hill Rd., Suite 950,<br>Houston, Texas 77024 | 100% |

---

[1] The last four digits of the Debtor's taxpayer identification number are 8767.  The Debtor's address is 4600 J. Barry Ct., Suite 220, Canonsburg, PA 15317

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:   Rockdale Marcellus, LLC | |
| United States Bankruptcy Court for the:   Western District of Pennsylvania | ☐ Check if this is an amended filing |
| Case Number (If known): | |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders       12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WHITE OAK GLOBAL ADVISORS<br>3 EMBARCADERO CTR, 5TH FLOOR<br>SAN FRANCISCO, CA  94111 | CONTACT: CRAIG FULLER<br>PHONE: 415-644-4149<br>CFULLER@WHITEOAKSF.COM | LOAN | | $50,542,962.04 | | $50,542,962.04 |
| 2 | AQUA - ETC WATER SOLUTIONS, LLC<br>8020 PARK LANE, SUITE 200<br>DALLAS, TX  75321 | CONTACT: MABEL ZEE<br>PHONE: 214-469-1681<br>MABEL.ZEE@ENERGYTRANSFER.COM | TRADE DEBT | | | | $2,041,666.62 |
| 3 | PROFRAC SERVICES, LLC<br>777 MAIN STREET, SUITE 3900<br>FORT WORTH, TX  76102 | CONTACT: JENNIFER LAKE<br>PHONE: 817-212-3328<br>JENNIFER.LAKE@PROFRAC.COM | TRADE DEBT | | | | $1,285,380.97 |
| 4 | CHEMSTREAM INC.<br>511 RAILROAD AVE<br>HOMER CITY, PA  15748 | CONTACT: MARYANN KOBAL<br>PHONE: 724-915-8388<br>MARYANN.KOBAL@CHEMSTREAM.COM | TRADE DEBT | | | | $465,020.83 |
| 5 | CUDD PRESSURE CONTROL, INC<br>2828 TECHNOLOGY FOREST BLVD.<br>HOUSTON, TX  77032 | CONTACT: TERRY THOMAS<br>PHONE: 205-414-8100<br>TTHOMAS3717@CUDD.COM | TRADE DEBT | | | | $244,250.50 |
| 6 | CHESAPEAKE OPERATING, LLC<br>6100 N WESTERN AVE<br>OKLAHOMA CITY, OK  73118-1044 | PHONE: 877-245-1427<br>CONTACT@CHK.COM | TRADE DEBT | | | | $201,415.00 |
| 7 | ALLY CONSULTING, LLC<br>445 UNION BLVD, STE 208<br>LAKEWOOD, CO  80228 | CONTACT: PAULA WREN<br>PHONE: 720-619-4826<br>ACCOUNTING@ALLYENERGYSERVICES.COM | TRADE DEBT | | | | $152,897.00 |

Official Form 204            Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims            Page 1

Debtor: Rockdale Marcellus, LLC                                                                 Case Number (if known): 21-xxxx1

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | EXPRESS ENERGY SERVICES OPERATING, L.P.<br>C/O JACKSON WALKER LLP<br>1401 MCKINNEY STREET, SUITE 1900<br>HOUSTON, TX  77010 | CONTACT: KATHRINE M. SILVER, HARRIS J. HUGUENARD<br>PHONE: 713-752-4340<br>KSILVER@JW.COM; HHUGUENARD@JW.COM | LITIGATION CLAIM | CUD | | | $135,000.00 |
| 9 | PEAK OILFIELD SERVICES<br>1820 I-35 FRONTAGE RD<br>GAINESVILLE, TX  76240 | PHONE: 940-668-1818 | TRADE DEBT | | | | $129,961.63 |
| 10 | MOORE TRUCKING LLC<br>2784 ROUTE 414<br>CANTON, PA  17724 | CONTACT: JESSICA MOORE<br>PHONE: 570-916-8870<br>MOORETRUCKING08@YAHOO.COM | TRADE DEBT | | | | $120,279.21 |
| 11 | UMB BANK N.A.<br>1010 GRAND BOULEVARD<br>KANSAS CITY, MO  64106 | CONTACT: CHRIS FRANTZ (EUREKA RESOURCES)<br>PHONE: 570-323-2535<br>C.FRANTZ@EUREKA-RESOURCES.COM | TRADE DEBT | | | | $106,437.50 |
| 12 | VESTAL ASPHALT<br>201 STAGE ROAD<br>VESTAL, NY  13850 | CONTACT: JIM UNKEL<br>PHONE: 607-785-3393 | TRADE DEBT | | | | $82,476.30 |
| 13 | ZIEGENFUSS DRILLING, INC.<br>2 FRONTAGE ROAD<br>RINGOES, NJ  08551 | CONTACT: ALLISON TRIPUS<br>PHONE: 908-788-5100<br>ALLISON@ZIEGENFUSSDRILLING.COM | TRADE DEBT | | | | $80,875.00 |
| 14 | RWLS, LLC<br>DBA RENEGADE SERVICES<br>1937 WEST AVE<br>LEVELLAND, TX  79336 | CONTACT: PATRICIA BREEDEN<br>PHONE: 361-526-7039<br>PBREEDEN@RENEGADEWLS.COM | TRADE DEBT | | | | $78,720.00 |
| 15 | DELJANOVAN TRUCKING LLC<br>259 MCCRACKEN ROAD<br>ROARING BRANCH, PA  17765 | CONTACT: DIANE DELJANOVAN<br>PHONE: 570-337-5513<br>DDELJANOVAN@DELJANOVANTRUCKING.COM | TRADE DEBT | | | | $76,189.75 |
| 16 | PELOTON COMPUTER ENTERPRISES<br>23501 CINCO RANCH BLVD, SUITE C220<br>KATY, TX  77949 | CONTACT: CLAUDIA OQUENDO<br>PHONE: 832-420-9974<br>CLAUDIA.OQUENDO@PELOTON.COM | TRADE DEBT | | | | $69,528.16 |
| 17 | SWN PRODUCTION COMPANY, LLC<br>10000 ENERGY DRIVE<br>SPRING, TX  77389-4954 | CONTACT: MICHAEL BISHOP<br>PHONE: 866-322-0801<br>MICHAELBISHOP@SWN.COM | TRADE DEBT | | | | $75,305.48 |
| 18 | SPEYSIDE PARTNERS<br>1910 PACIFIC AVE., SUITE 14183<br>DALLAS, TX  75201 | CONTACT: STEVE PULLY<br>PHONE: 214-587-6133<br>SPULLY@SPEYSIDEPARTNERS.COM | TRADE DEBT | | | | $60,000.00 |
| 19 | SOUTHEAST LAND SERVICES, LLC<br>1200 LAKE HAVEN DRIVE<br>LITTLE ELM, TX  75068 | CONTACT: ERIC JENEVEIN<br>PHONE: 985-320-4116<br>ERIC@SOUTHEASTLAND.NET | TRADE DEBT | | | | $51,888.23 |

Debtor: Rockdale Marcellus, LLC                                                                 Case Number (if known): 21-xxxx1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  MCGUIREWOODS LLP 800 E CANAL STREET RICHMOND, VA 23219-3916 | CONTACT: GREG KROCK PHONE: 412-667-6042 GKROCK@MCGUIREWOODS.COM | TRADE DEBT | | | | $43,455.00 |

**Fill in this information to identify the case and this filing:**

Debtor Name: Rockdale Marcellus, LLC

United States Bankruptcy Court for the: Western District of Pennsylvania

Case number *(If known)*: _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration    Corporate Ownership Statement, List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/21/2021
MM / DD / YYYY

*/s/ John C. DiDonato*
Signature of individual signing on behalf of debtor

John C. DiDonato
Printed name

Chief Restructuring Officer
Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**