## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>ROCKDALE MARCELLUS HOLDINGS, LLC, and ROCKDALE MARCELLUS, LLC,[1]<br><br>Debtors.<br>────────────────────────<br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ROCKDALE MARCELLUS HOLDINGS, LLC, and ROCKDALE MARCELLUS, LLC,<br><br>Movant,<br><br>v.<br><br>NO RESPONDENT. | Case No. 21-22080-GLT<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>Document No.:<br><br>Related to Doc. No.<br><br>Hearing Date:  November 12, 2021<br><br>Hearing Time: 10:00 a.m. |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO SECTIONS 327, 328, 330, AND 1103 OF THE BANKRUPTCY CODE, FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014 AND 2016, AND LOCAL RULE 2016-1 FOR AUTHORIZATION TO RETAIN AND EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL EFFECTIVE AS OF OCTOBER 6, 2021**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (together, the "Debtors") hereby submits its application (the "Application") for the entry of an order, pursuant to sections 327, 328, 330, and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Western District of Pennsylvania (the "Local Rules") authorizing and approving the employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as counsel to the Committee in connection with the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Rockdale Marcellus Holdings, LLC (7117); Rockdale Marcellus, LLC (8767). The Debtors' address is 4600 J. Barry Ct., Suite 220, Canonsburg, PA 15317.

Debtors' jointly-administered chapter 11 cases, effective as of October 6, 2021.  In support of the Application, the Committee submits the declaration of Bradford J. Sandler (the "Sandler Declaration"), a partner of the Firm, attached hereto as Exhibit A and incorporated herein by reference and the declaration of the Committee Chair (the "Committee Chair Declaration") attached hereto as Exhibit B and incorporated herein by reference.  In further support of the Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 327, 328, 330, and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2016-1.

## BACKGROUND

4. On September 21, 2021 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors continue in the management and operation of their businesses and properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or creditors' committee has been appointed in the Chapter 11 Cases.

5. On October 1, 2021, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  The Committee consists of the following five (5) members: (i) Aqua – ETC Water Solutions, LLC; (ii) Chemstream Inc.; (iii) Cudd Pressure Control; (iv) Moore Trucking, LLC; and (v) ProFrac Services, LLC.

2

6.      On October 6, 2021, the Committee held a meeting and, among other things, voted to retain the Firm as its lead counsel, and subsequently voted to retain Whiteford, Taylor & Preston, LLP ("WTP") as its Pennsylvania counsel, subject to Court approval.

7.      The Firm's retention is requested as of October 6, 2021 insofar as that is the date the Committee first requested PSZJ to render legal services on behalf of the Committee, and the Firm has been actively advising the Committee since that date.

8.      The Firm has 73 attorneys with a practice concentrated on corporate reorganizations, bankruptcy, litigation, and commercial matters.  The Firm's attorneys have comprehensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases.  Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases throughout the country, including in *Whiting Petroleum, HVI Cat Canyon, Cobalt International Energy*, *PES Holdings LLC (2018), PES Holdings LLC (2019), ERG Resources, EV Energy Partners LP, Forbes Energy Services, American Eagle Energy Corporation, and Tri-Valley Oil & Gas.*  Based on these facts, the Committee believes that the Firm is well-qualified to render the services described below.

## RELIEF REQUESTED

9.      By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto, pursuant to sections 327, 328, 330, and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2016-1 authorizing the Committee to employ and retain the Firm as its bankruptcy counsel in these chapter 11 cases effective as of October 6, 2021.

DOCS_LA:340269.2 75205/002

10.     The Committee has selected PSZJ as its counsel in furtherance of the efficient administration of the estates on behalf of the Committee.  The Committee seeks to retain the Firm effective as of October 6, 2021 because the Firm began providing services to the Committee as of such date.  The Committee believes that such retention is appropriate in these chapter 11 cases because the Committee required effective representation immediately upon its appointment, and the Firm has been providing services to the Committee since October 6, 2021.

## SERVICES TO BE RENDERED

11.     Subject to further order of this Court, the Firm is expected to render, among other services, the following services to the Committee:

    a.    Assisting, advising, and representing the Committee in its consultations with the Debtors regarding the administration of these cases;

    b.    Assisting, advising, and representing the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements, and cash collateral stipulations or proceedings;

    c.    Assisting, advising, and representing the Committee in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

    d.    Assisting, advising, and representing the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the Debtors' operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to these cases or to the formulation of a plan;

    e.    Assisting, advising, and representing the Committee in its participation in the negotiation, formulation, and drafting of a plan of liquidation or reorganization;

    f.    Advising the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

    g.    Assisting, advising, and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy

Rules and in performing other services as are in the interests of those represented by the Committee;

h.    Assisting, advising, and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions and claims against directors and officers and any other party; and

i.    Providing such other services to the Committee as may be necessary or appropriate in these cases.

## NO ADVERSE INTEREST OF PROFESSIONALS

12.    To the best of the Committee's knowledge, and based upon the Sandler Declaration attached hereto, neither the Firm nor any of its attorneys have any connection with any party in interest, their attorneys or accountants, other than as set forth in the Sandler Declaration.

13.    To the best of the Committee's knowledge, except as provided in the Sandler Declaration, neither the Firm, nor any of its attorneys represent any interest adverse to that of the Committee in the matters on which they are to be retained.

14.    While the Firm has undertaken, and continues to undertake, efforts to identify connections with the Debtors and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  Should the Firm, through its continuing efforts or as these cases progress, learn of any new connections of the nature described above, the Firm will promptly file supplemental declarations, as required by Bankruptcy Rule 2014.

15.    The Firm represents many debtors and committees in other bankruptcy cases, and those debtors, the members of those committees, or those estates may be creditors of the Debtors. However, the Firm will not represent any those debtors, committees, or their members with respect to any claims that they may have collectively or individually against the Debtors.

5

## PROFESSIONAL COMPENSATION

16.     Subject to Court approval and in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ.  The Firm's current standard hourly rates are:

| | |
|---|---|
| **Partners** | $845.00 - $1,695.00 per hour |
| **Of Counsel** | $695.00 - $1,275.00 per hour |
| **Associates** | $695.00 - $750.00 per hour |
| **Paraprofessionals** | $375.00 - $475.00 per hour |

17.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  The Firm anticipates an upward adjustment of rates in January of 2022.

18.     The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients, and all amendments and supplemental standing orders of

DOCS_LA:340269.2 75205/002

the Court.  PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

## NOTICE

19.     Notice of this Application has been provided to the parties identified on the Master Service List and the Rule 2002 List established in the Chapter 11 Cases. In light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

20.     No previous request for the relief sought herein has been made to this or any other Court.

*[Remainder of page intentionally left blank]*

DOCS_LA:340269.2 75205/002

**WHEREFORE**, the Committee respectfully requests the entry of an order, substantially in the form attached hereto, authorizing the Committee to employ and retain PSZJ as counsel effective as of October 6, 2021, and granting such other and further relief as is just and proper.

Date:  October 18, 2021

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ROCKDALE MARCELLUS HOLDINGS, LLC, AND ROCKDALE MARCELLUS, LLC.**

Thomas Barnes
Chemstream Inc.

Solely in his capacity as Chair of the Official Committee of Unsecured Creditors of Rockdale Marcellus Holdings, LLC, and Rockdale Marcellus, LLC, and not in any other capacity

DOCS_LA:340269.2 75205/002

WHITEFORD, TAYLOR & PRESTON, LLP

*/s/ Daniel R. Schimizzi*
Daniel R. Schimizzi (PA ID No. 311869)
Michael J. Roeschenthaler (PA ID No. 87647)
Scott M. Hare (PA ID No. 63818)
200 First Avenue, Third Floor
Pittsburgh, PA 15222
t: 412-275-2401
f: 412-275-2404
mroeschenthaler@wtplaw.com
share@wtplaw.com
dschimizzi@wtplaw.com

*Proposed Local Counsel to the*
*Official Committee of Unsecured Creditors of*
*Rockdale Marcellus Holdings, LLC, and*
*Rockdale Marcellus, LLC*

-AND-

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (PA ID No. 77463)
Robert J. Feinstein *(admitted pro hac vice)*
780 Third Avenue, 34th Floor
New York, NY 10017
t: 212-561-7700
f: 212-561-7777
bsandler@pszjlaw.com
rfeinstein@pszjlaw.com

*Proposed Lead Counsel to the*
*Official Committee of Unsecured Creditors of*
*Rockdale Marcellus Holdings, LLC, and*
*Rockdale Marcellus, LLC*

DOCS_LA:340269.2 75205/002