# EXHIBIT A

## Declaration of Bradford J. Sandler

DOCS_LA:340269.2 75205/002

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>ROCKDALE MARCELLUS HOLDINGS, LLC, and ROCKDALE MARCELLUS, LLC,[1]<br><br>                    Debtors.<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ROCKDALE MARCELLUS HOLDINGS, LLC, and ROCKDALE MARCELLUS, LLC,<br><br>                    Movant,<br><br>   v.<br><br>NO RESPONDENT. | Case No. 21-22080-GLT<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>Document No.:<br><br>Related to Doc. No.<br><br>Hearing Date:  November 12, 2021<br><br>Hearing Time: 10:00 a.m. |

### DECLARATION OF BRADFORD J. SANDLER IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO SECTIONS 327, 328, 330, AND 1103 OF THE BANKRUPTCY CODE, FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014 AND 2016, AND LOCAL RULE 2016-1 FOR AUTHORIZATION TO RETAIN AND EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL EFFECTIVE AS OF OCTOBER 6, 2021

I, Bradford J. Sandler, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, and pursuant to Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that the following is true and correct:

1. I am a partner with the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), with offices located at 780 Third Avenue, 34th Floor, New York, NY 10017.  I am duly admitted to practice law in the states of Pennsylvania, New Jersey, Delaware, and New York, and various federal courts.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Rockdale Marcellus Holdings, LLC (7117); Rockdale Marcellus, LLC (8767). The Debtors' address is 4600 J. Barry Ct., Suite 220, Canonsburg, PA 15317.

2.  I am authorized to submit this declaration (the "Declaration") in support of the *Application of the Official Committee of Unsecured Creditors Pursuant to Sections 327, 328, 330, and 1103 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 2014 and 2016, and Local Rule 2016-1 For Authorization to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel Effective as of October 6, 2021* (the "Application").

3.  The Firm has approximately 73 attorneys with a practice concentrated on corporate reorganizations, bankruptcy, litigation, and commercial matters. The Firm's attorneys have comprehensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases. Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases throughout the country, including in *Whiting Petroleum, HVI Cat Canyon, Cobalt International Energy, PES Holdings LLC (2018), PES Holdings LLC (2019), ERG Resources, EV Energy Partners LP, Forbes Energy Services, American Eagle Energy Corporation, and Tri-Valley Oil & Gas.* Accordingly, the Firm is well-qualified to render the services described below.

4.  Neither I, the Firm, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or any other parties in interest herein, or their respective attorneys and accountants, the U.S. Trustee, or any person employed in the Office of the United States Trustee (the "U.S. Trustee") or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Western District of Pennsylvania, except as set forth herein.

5.  The Debtors seek to retain, among others, Reed Smith LLP, Houlihan Lokey Capital, Inc., and Quinn Emanuel Urquhart & Sullivan, LLP. The Firm has previously worked with, currently works with, and will continue to work with all such Debtor professionals, as well

2

as professionals retained by other parties-in-interest in these cases, on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

6. Section 1103(b) of the Bankruptcy Code does not impose the general "disinterestedness" standard of section 327(a) on proposed counsel to an official committee of unsecured creditors. However, Bankruptcy Rule 2014 requires that an application for employment under section 1103 disclose all connections with the Debtors, their estates, professionals, and the U.S. Trustee.

7. The Firm has made the following investigation of its connections prior to submitting this Declaration. The Firm has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties in interest in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database. Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation. In particular, an employee of the Firm, under my supervision, entered the names of parties provided by the Debtors through the Firm's database. The parties entered in the Firm's database with respect to the Firm's conflicts check in these cases are set forth on Schedule 1 annexed hereto.

8. Based on the Firm's conflict check within its database, the Firm has not encountered any creditors of the Debtors in which an actual conflict exists between the Firm and such creditors. In an abundance of caution, the Firm discloses the following connections to a party-in-interest in these chapter 11 cases:

3

      a.      The Firm is currently special counsel to Cathay Bank, which is listed as one of the Debtors' banks or lenders, in a matter wholly unrelated matter to these Debtors or these chapter 11 cases.

9.      If, at any time during the course of this proceeding, the Firm learns of any representation which may give rise to a conflict, the Firm will promptly file with the Court an amended declaration identifying and specifying such involvement.

10.      PSZJ and certain of its attorneys have represented and in the future will likely represent creditors of the Debtors in connection with matters unrelated to the Debtors and these cases.

11.      PSZJ represented, represents, and in the future will likely represent committees in matters unrelated to the Debtors and these cases, whose members may be creditors and/or committee members in these cases. For the avoidance of doubt, the Firm is not aware of any such representations at this time.

12.      The Firm has not received any retainer or payment from the Debtors or the Committee. Nor has the Firm received any promise of payment in connection with these cases during the one-year period prior to the filing of the Debtors' petitions. No compensation has been paid or promised to be paid from a source other than the Debtors' estates in these cases. No promises have been received by the Firm nor by any attorneys thereof as to compensation in connection with these chapter 11 cases, other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these cases, except among the partners, of counsel, and associates of the Firm. Neither the Committee nor its members (or any of their representatives) are or will be liable for fees or costs incurred by the Firm in its representation of the Committee.

4

13. The Firm intends to apply for compensation for professional services rendered in connection with these cases subject to approval of this Court as stated in the Application, and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. No compensation will be paid to the Firm except upon compliance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court. The Firm's current standard hourly rates are:

| | |
|---|---|
| **Partners** | $845.00 - $1,695.00 per hour |
| **Of Counsel** | $695.00 - $1,275.00 per hour |
| **Associates** | $695.00 - $750.00 per hour |
| **Paraprofessionals** | $375.00 - $475.00 per hour |

14. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

15. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

16. Subject to Court approval, the Committee may seek to retain various professionals during the pendency of these cases, including Riveron Consulting, LLC (formerly Conway MacKenzie LLP) as financial advisor. PSZJ intends to work closely with any such professionals retained by the Committee to ensure that there is no unnecessary duplication of services performed on behalf of the Committee or charged to the Debtors' estates.

17. The Firm provides the following responses to the questions set forth in Part D of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "Revised UST Guidelines"):

| Questions Required by Part D1 of Revised UST Guidelines: | Answer: | Further explanation: |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. | N/A |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. | N/A |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | N/A | N/A |
| Has your client approved your respective budget and staffing | N/A | As Committee counsel, PSZJ anticipates that the |

6

| Questions Required by Part D1 of Revised UST Guidelines: | Answer: | Further explanation: |
|---|---|---|
| plan, and, if so, for what budget period? | | Committee's professionals fees will be initially governed by the Court's various Orders approving the Debtors' use of cash collateral, Debtor-in-Possession Financing, and other relevant Orders, (although such Orders may not limit the professional fees incurred by the Committee), subject to any rights that the Committee may have to object if an agreement cannot be reached between the Debtors and the Committee. The Committee and its professionals reserve all rights to seek approval of Committee professional fees. |

18. PSZJ intends to make a reasonable effort to comply with the UST's requests for information and additional disclosures as set forth in the Revised UST Guidelines, both in connection with the Application and the interim and final fee applications to be filed by PSZJ in these chapter 11 cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:   October 18, 2021           */s/ Bradford J. Sandler*
                                     Bradford J. Sandler

7

## Schedule 1

**(Potential Parties in Interest)**

**Debtors and Affiliates**
Rockdale Marcellus Holdings, LLC
Rockdale Marcellus, LLC
Rockdale Marcellus Operating, LLC
Private Advisors Special Situations LLC
Tsunami Marcellus Partners LP
American Resources Fund I, LLC

**Debtor's Restructuring and Other Significant Professionals**
Reed Smith LLP
Huron Consulting Group, Inc.
Quinn Emanuel Urquhart & Sullivan, LLP
Haynes and Boone, LLP
Houlihan Lokey Capital, Inc.
Epiq Corporate Restructuring, LLC

**Debtor's Other Professionals**
BDO USA, LLP
Steptoe & Johnson PLLC

**Equity Security Holders**
Private Advisors Special Situations LLC
Peter Mims
James Reilly
Richard Streeter
Tsunami Holdings LP
James Anhaiser

**Current and Former Officers and Directors**
Eddie Hebert
Eric Reigle
Thomas Streeter
J. Douglas Schick
Sam Goodyear
Jason Orchard
InSue Kim
Phil Treick
Chris Kilpatrick
John C. DiDonato

**Debtor's Bank, Lenders, Advisors and Counsel**
Citizens Bank, N.A.
ABN Amro Capital USA LLC
Cathay Bank
Truist Bank

1

RPA Advisers
King & Spalding LLP
White Oak Global Advisors
FTI Consulting
Davis Polk & Wardell LLP
Alta Fundamental Advisors LLC
Alta Fundamental Advisors Master L.P.
Alta Fundamental Advisers SP LLC
Blackwell Partners LLC-Series A
Brown Rudnick LLP
Star V Partners LLC
Texas Capital Bank

**Insurers and Insurance Agents**
JH Blades
Start Stone
Berkley
Global Special Risk
NICO
Travelers
CAC Specialty Group
Cobbs Allen
Argo Group

**Taxing and Other Governmental Authorities**
Canton Borough Authority
CASD Tax Payments
Lycoming County
Cindy M. Black, Tax Collector
Tax Claim Bureau PA

**Significant Trade Vendors or Customers**
Canton Borough Authority
UGI Energy Services
Energy Transfer
UGI Texas Creek, LLC
Energy Operating Corporation

**United States Bankruptcy Judges in the Western District of Pennsylvania**
Chief Judge Carlota M. Böhm
Judge Thomas P. Agresti
Judge Jeffrey A. Deller
Judge Gregory L. Taddonio

2

**United States Trustee for the Western District of Pennsylvania (and Key Staff Members)**
CityCentre Three Partners, L.P.
BP Products North America Inc.
Andrew R. Vara
Joseph S. Sisca
Steven Albright
David Berry
Kathleen Blasi
Lisa Geyer
Madeline Gigliotti
Jodi Hause
Norma L. Hildenbrand
David Milko
Sharon Pasniewski
Larry Wahlquist

**Clerk of Court and Deputy for the Western District of Pennsylvania**
Michael R. Rhodes, Clerk of Court
John Kroto, Chief Deputy Clerk

**Top 20 Creditors**
Ally Consulting, LLC
Aqua - ETC Water Solutions, LLC
Chemstream Inc.
Chesapeake Operating, LLC
Cudd Pressure Control, Inc
Deljanovan Trucking LLC
Express Energy Services Operating, L.P.
McguireWoods LLP
Moore Trucking LLC
Peak Oilfield Services
Peloton Computer Enterprises
Profrac Services, LLC
RWLS, LLC
Southeast Land Services, LLC
Speyside Partners
Swn Production Company, LLC
UMB Bank N.A.
Vestal Asphalt
White Oak Global Advisors
Ziegenfuss Drilling, Inc.