FILED
11/9/21 3:11 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Chapter 11 |
| ROCKDALE MARCELLUS HOLDINGS, LLC and ROCKDALE MARCELLUS, LLC,[1] | Case No. 21-22080-GLT |
| | (Jointly Administered) |
| Debtors. | |
| ROCKDALE MARCELLUS HOLDINGS, LLC and ROCKDALE MARCELLUS, LLC, | Document No. ___ |
| | Related to Document No. 238 & 359 |
| Movants, | |
| v. | |
| NO RESPONDENT. | |

**ORDER (I) ESTABLISHING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, AND (III) APPROVING NOTICE THEREOF**

Upon the *Debtors' Motion for Entry of an Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, and (III) Approving Notice Thereof* (the "Motion");[2] and the Court having reviewed the Motion; and the Court finding that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) notice of the Motion and the hearing thereon was sufficient under the circumstances; (iii) the relief sought in the Motion is in the best interests of the Debtors, its estate, creditors, and all parties in interest; and (iv) the legal and factual bases set forth in the Motion establishes just

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Rockdale Marcellus Holdings, LLC (7117); Rockdale Marcellus, LLC (8767). The Debtors' address is 4600 J. Barry Ct., Suite 220, Canonsburg, PA 15317.

[2] Capitalized terms used but not defined in this order have the meanings given in the Motion.

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose prior to the Petition Date, including unpaid 503(b)(9) Claims, shall file written proof of such Claim that substantially conforms to the form of Proof of Claim, attached to this Order as Exhibit 2, so as to be *actually received* by the Debtors' Claims and Noticing Agent, Epiq Corporate Restructuring, LLC ("Epiq"), on or before **December 13, 2021, at 5:00 p.m. (prevailing Eastern Time)** (the "General Bar Date").

3. Except as otherwise provided herein, all governmental units that assert a Claim against the Debtors that arose prior to the Petition Date shall file a written proof of such Claim that substantially conforms to the form of Proof of Claim, attached to this Order as Exhibit 2, so as to be *actually received* by Epiq on or before **March 21, 2022, at 5:00 p.m. (prevailing Eastern Time)** (the "Governmental Bar Date").

4. Except as otherwise provided herein, all persons and entities that assert a Claim against the Debtors that arose from the rejection of an executory contract or unexpired lease shall submit a Proof of Claim based on such rejection, that substantially conforms to the form of Proof of Claim, so as to be *actually received* by Epiq, on or before the later of (a) the General Bar Date; (b) 30 days after the entry of the applicable rejection order; and (c) any other date set by an order of the Court (the "Rejection Bar Date").

5. Except as otherwise provided herein, all persons and entities that assert a Claim against the Debtors that arose from any Debtor amending or supplementing its Schedules to (a) designate a claim as disputed, contingent, or unliquidated; (b) change the amount of a claim reflected therein; (c) change the priority of a claim reflected therein; or (d) add a claim that was not listed on the Schedules, shall file a Proof of Claim. The deadline for any holder of such claim so designated, changed, or added to file a Proof of Claim on account of such amended claim would be the later of (i) the General Bar Date or (ii) the date that is fifteen (15) days after the date on which the Debtors serve notice of the amendment or supplement (the "Supplemental Bar Date" and, together with the General Bar Date, Governmental Bar Date, and Rejection Bar Date, the "Filing Deadlines").

6. Notwithstanding the foregoing, the following persons or entities ***are not*** required to file a proof of claim on or before the applicable Filing Deadline:

   a. any person or entity whose claim is listed on the Schedules if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

   b. any holder of a Claim that has been paid in full or otherwise satisfied by the Debtors (or any other party);

   c. any holder of a claim allowable under sections 503(b) or 507(a) of the Bankruptcy Code as an administrative expense and arising in the ordinary course of the Debtors' business, with the exception of claims allowable under section 503(b)(9) of the Bankruptcy Code, which are subject to the General Bar Date;

   d. any person or entity that holds an interest in a Debtor, which interest is based exclusively upon ownership of common or preferred stock, membership interest, partnership interest, or warrants or rights to purchase, sell, or subscribe to such a security or interest; provided, however, that any interest holder that wishes to assert a claim (as opposed to ownership interest) against a Debtor other than with respect to ownership or purchase of an interest, including claims arising out of or relating to the sale issuance or distribution of the interest, must file a Proof of Claim on or before the applicable Filing Deadline unless another exception identified herein applies;

  e. any person or entity who holds a claim that has been allowed by an order of this Court entered on or before the General Bar Date;

  f. any holder of a claim for which a separate deadline is fixed by this Court;

  g. any person or entity that has already properly filed a Proof of Claim;

  h. any DIP Lender, the DIP Agent, and each of the Prepetition Secured Parties (each as defined in the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief* [Docket No. 271] (the "Final DIP Order")); and

  i. any person or entity holding a claim solely against the Debtors' non-debtor affiliates.

  7. To be filed properly pursuant to this Order, each proof of claim shall: (i) be signed by the Claimant or, if the Claimant is not an individual, by an authorized agent of the Claimant; (ii) be written in English; (iii) be denominated in United States currency; and (iv) conform substantially to the form of Proof of Claim.

  8. Any proof of claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (a) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (b) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; and (c) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

  9. For any claim to be validly and properly filed, a claimant must deliver a completed, signed original Proof of Claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), to Epiq in the manner set forth below and in the Bar Date Notice, so that Epiq receives the Proof of Claim by no later than 5:00 p.m., Eastern

Time, on the applicable Filing Deadline. Claimants may submit Proofs of Claim in the following manner (a) electronically with Epiq via the interface available at https://dm.epiq11.com/rockdale or (b) delivered to Epiq via U.S. mail or other hand delivery method to the following addresses:

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Rockdale Marcellus, LLC | Rockdale Marcellus, LLC |
| Claims Processing Center | Claims Processing Center |
| c/o Epiq Corporate Restructuring, LLC | c/o Epiq Corporate Restructuring, LLC |
| P.O. Box 4421 | 10300 SW Allen Blvd. |
| Beaverton, OR 97076-4421 | Beaverton, OR 97005 |

10. Notwithstanding anything to the contrary in this Order, each of the DIP Agent, the Prepetition RBL Agent, and the Prepetition Second Lien Agent (each as defined in the Final DIP Order, the "Agents") is authorized, but not required, to file a single, master Proof of Claim (a "Master Proof of Claim") with respect to all claims related to or arising out of the DIP Documents, the Prepetition RBL Documents or the Prepetition Second Lien Documents (each as defined in the Final DIP Order and, collectively, the "Debt Documents"), as applicable, and such Proof of Claim shall constitute the filing of a Proof of Claim in the Chapter 11 Cases of all other Debtors against whom a claim may be asserted under the applicable Debt Documents, and which shall have the same effect as if each applicable holder of a claim under the applicable Debt Document had individually filed a Proof of Claim against each applicable Debtor on account of such holder's claims. The Agents shall not be required to file with a Master Proof of Claim any instruments, agreement, or other documents evidencing the obligations referenced in such Master Proof of Claim, which instruments, agreements, or other documents will be provided upon written request to counsel for the applicable Agent.

11. Any person or entity that is required to file a timely proof of claim or interest in the form and manner specified in this Order and that fails to do so on or before the applicable Filing Deadline shall not receive or be entitled to receive any payment or distribution

of property from the Debtors, their estates, or their successors or assigns with respect to such claim or interest, and shall be forever barred from asserting such claim or interest against the Debtors, their estates, or their successors or assigns.

12. The form of Proposed Bar Date Notice attached to this Order as **Exhibit 1** and the procedures set forth therein are approved. Notice of the entry of this Order pursuant to the Proposed Bar Date Notice constitutes good, adequate, and sufficient notice if it is served, together with a form of proof of claim, by being deposited in the United States Mail, first-class postage prepaid, not more than three (3) business days after the entry of this Order on: (a) all known persons and entities holding potential claims against or interests in the Debtors; (b) the U.S. Trustee; (c) counsel to the Official Committee of Unsecured Creditors; (d) all parties that have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of this Order; (e) all parties to executory contracts and unexpired leases of the Debtors; (f) all parties to litigation with the Debtors; (g) the Internal Revenue Service for this District and all other taxing authorities for the jurisdictions in which the Debtors conduct business; (h) all relevant state attorneys general; and (i) such additional persons and entities as deemed appropriate by the Debtors.

13. Nothing in this Order shall prejudice the right of the Debtors or any party-in-interest to dispute, or to assert offsets or defenses to, any claim or interest reflected on the Debtors' Schedules as to amount, liability, classification, or otherwise and to subsequently designate any claim as disputed, contingent, or unliquidated.

14. The Debtors are hereby authorized to take such reasonable actions and to execute such documents as may be necessary to implement the relief granted by this Order.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Prepared by: Luke A. Sizemore, Esq.

Dated:_____, 2021

_____
GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

Proposed Bar Date Notice

(Attached)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ROCKDALE MARCELLUS HOLDINGS, LLC and ROCKDALE MARCELLUS, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-22080-GLT<br><br>(Jointly Administered) |

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST
ROCKDALE MARCELLUS HOLDINGS, LLC AND
ROCKDALE MARCELLUS, LLC**

On _____, 2021, the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") entered the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, and (III) Approving Notice Thereof* (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim in the above-captioned chapter 11 cases (these "Chapter 11 Cases") of ROCKDALE MARCELLUS HOLDINGS, LLC, and ROCKDALE MARCELLUS, LLC (the "Debtors").

Pursuant to the Bar Date Order, the Court established (i) [_____], **2021** (the "General Bar Date") as the general deadline for non-governmental entities (including individuals, partnerships, corporations, joint ventures, and trusts), (ii) [_____], **2022**, (the "Governmental Bar Date") as the deadline for governmental units, (iii) the later of (a) the General Bar Date; (b) 30 days after the entry of the applicable rejection order; and (c) any other date set by an order of the Court (the "Rejection Bar Date") as the deadline for any entity whose claims arise out of the Court approved rejection of an executory contract or unexpired lease, and (iv) the later of (i) the General Bar Date or (ii) the date that is fifteen (15) days after the date on which the Debtors serve notice of the amendment or supplement (the "Supplemental Bar Date" and, together with the General Bar Date, Governmental Bar Date, and the Rejection Bar Date, the "Filing Deadlines") for any entity that asserts a Claim against the Debtors that arose from the Debtors amending or supplementing its Schedules, to file proofs of claim in these Chapter 11 Cases for claims against the Debtors that arise or are deemed to have arisen prior to the date on which the Debtors filed these Chapter 11 Cases, September 21, 2021 (the "Petition Date").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Rockdale Marcellus Holdings, LLC (7117); and Rockdale Marcellus, LLC (8767). The Debtors' address is 4600 J. Barry Ct., Suite 220, Canonsburg, PA 15317.

1. **WHO MUST FILE A PROOF OF CLAIM**

You MUST submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a Claim that arose before the Petition Date and it is ***not*** one of the types of Claims described under the heading "Who Need Not File a Proof of Claim" below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Filing Deadline, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "Claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2. **WHAT TO FILE**

You must use a form of proof of claim that conforms substantially to the form of proof of claim (attached to the Proposed Bar Date Order as Exhibit 2).  The form of proof of claim may be obtained, free of charge, at the following website: https://dm.epiq11.com/rockdale.  Alternatively, a form Proof of Claim may be obtained by contacting the Debtors' Claims and Noticing Agent, Epiq Corporate Restructuring, LLC ("Epiq"), by calling (866) 470-6416 or +1 (503) 520-4415 (for international callers).

All proofs of claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  The proofs of claim must be written in English and denominated in United States currency.  You should attach to your completed proof of claim any documents upon which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Any proof of claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

3. **WHEN AND WHERE TO FILE**

All proofs of claim must be **actually received on or before the applicable Filing Deadlines**.  Claimants must submit Proofs of Claim in the following manner (a) electronically with Epiq via the interface available at https://dm.epiq11.com/rockdale or (b) delivered to Epiq via U.S. mail or other hand delivery method to the following addresses:

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| **Rockdale Marcellus, LLC** | **Rockdale Marcellus, LLC** |
| **Claims Processing Center** | **Claims Processing Center** |
| **c/o Epiq Corporate Restructuring, LLC** | **c/o Epiq Corporate Restructuring, LLC** |
| **P.O. Box 4421** | **10300 SW Allen Blvd.** |
| **Beaverton, OR 97076-4421** | **Beaverton, OR 97005** |

Claimants must submit proofs of claim to Epiq in person or by courier service, hand delivery, or mail. Proofs of claim will be deemed filed only when **actually received** by Epiq on or before the applicable Filing Deadline. **Proofs of claim may NOT be delivered by facsimile or electronic mail transmission.** Any facsimile or electronic mail submission will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the approved methods described above.

4.  **WHO NEED NOT FILE A PROOF OF CLAIM**

The following entities, whose claims otherwise would be subject to the General Bar Date, need not file proofs of claim:

a.  any entity whose claim is listed on the Schedules if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

b.  any holder of a claim that has been paid in full by the Debtors (or other party);

c.  any person or entity that holds an interest in a Debtor, which interest is based exclusively upon ownership of common or preferred stock, membership interest, partnership interest, or warrants or rights to purchase, sell, or subscribe to such a security or interest; provided, however, that any interest holder that wishes to assert a claim (as opposed to ownership interest) against a Debtor other than with respect to ownership or purchase of an interest, including claims arising out of or relating to the sale issuance or distribution of the interest, must file a Proof of Claim on or before the applicable Filing Deadline unless another exception identified herein applies;

d.  any holder of a claim allowable under sections 503(b) or 507(a) of the Bankruptcy Code as an administrative expense and arising in the ordinary course of the Debtors' business, with the exception of claims allowable under section 503(b)(9) of the Bankruptcy Code, which are subject to the General Bar Date;

e.  any person or entity who holds a claim that has been allowed by an order of this Court entered on or before the General Bar Date;

f.  any holder of a claim for which a separate deadline is fixed by this Court;

    g.    any person or entity that has already properly filed a Proof of Claim;

    h.    any DIP Lender, the DIP Agent, and each of the Prepetition Secured Parties (each as defined in the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief* [Doc. No. 271] (the "Final DIP Order")); and

    i.    any person or entity holding a claim solely against the Debtors' non-debtor affiliates.

**5.    MASTER PROOF OF CLAIM**

Each of the DIP Agent, the Prepetition RBL Agent, and the Prepetition Second Lien Agent (each as defined in the Final DIP Order, the "Agents") is authorized, but not required, to file a single, master Proof of Claim (a "Master Proof of Claim") with respect to all claims related to or arising out of the DIP Documents, the Prepetition RBL Documents or the Prepetition Second Lien Documents (each as defined in the Final DIP Order and, collectively, the "Debt Documents") as applicable, and such Proof of Claim shall constitute the filing of a Proof of Claim in the Chapter 11 Cases of all other Debtors against whom a claim may be asserted under the applicable Debt Documents, and which shall have the same effect as if each applicable holder of a claim under the applicable Debt Document had individually filed a Proof of Claim against each applicable Debtor on account of such holder's claims. The Agents shall not be required to file with a Master Proof of Claim any instruments, agreement, or other documents evidencing the obligations referenced in such Master Proof of Claim, which instruments, agreements, or other documents will be provided upon written request to counsel for the applicable Agent.

**6.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE FILING DEADLINE**

ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM AGAINST THE DEBTORS BUT THAT FAILS TO DO SO BY THE APPLICABLE FILING DEADLINE DESCRIBED IN THIS NOTICE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM THE FOLLOWING: (A) ASSERTING ANY SUCH CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT, AND LIQUIDATED OR (II) IS OF A DIFFERENT NATURE OR CLASSIFICATION THAN ANY SUCH CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM IN THIS SUBPARAGRAPH (A) BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); OR (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES IN RESPECT OF AN UNSCHEDULED CLAIM.

7. **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Schedules. If you rely on the Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. If you agree with the nature, amount, and status of your claim as identified in the Schedules, and your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, if you decide to file a proof of claim, you must do so before the applicable Filing Deadline in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available: (a) from Epiq by calling (866) 470-6416 or +1 (503) 520-4415 (for international callers) and/or visiting the Debtors' restructuring website at https://dm.epiq11.com/rockdale; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on this Court's website at https://www.pacer.gov/. A login and password to this Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other information and documents regarding these Chapter 11 Cases may also be examined between the hours of 9:00 a.m. and 4:30 p.m. ET, Monday through Friday, at the United States Bankruptcy Court for the Western District of Pennsylvania, Office of the Clerk of Court, 5414 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**EXHIBIT 2**

<u>Form of Proof of Claim</u>

(Attached)

United States Bankruptcy Court for the Western District of Pennsylvania
Rockdale Marcellus, LLC, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor:
Case Number:

For Court Use Only

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?**  ☐ No  ☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) | 4. Does this claim amend one already filed? |
|---|---|---|
| _____<br>Name<br><br>_____<br>Number    Street<br><br>_____<br>City            State          ZIP Code<br><br>Country (if International): _____<br><br>Contact phone: _____<br><br>Contact email: _____ | _____<br>Name<br><br>_____<br>Number    Street<br><br>_____<br>City            State          ZIP Code<br><br>Country (if International): _____<br><br>Contact phone: _____<br><br>Contact email: _____ | ☐ No<br><br>☐ Yes.  Claim number on court claims register (if known) _____<br><br>Filed on _____<br>                MM  / DD  / YYYY<br><br>**5. Do you know if anyone else has filed a proof of claim for this claim?**<br><br>☐ No<br><br>☐ Yes.  Who made the earlier filing?<br>_____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. Do you have any number you use to identify the debtor?<br><br>☐ No<br>☐ Yes.<br>Last 4 digits of the debtor's account or any number you use to identify the debtor:<br><br>___  ___  ___  ___ | 7. How much is the claim?<br><br>$_____.<br><br>**Does this amount include interest or other charges?**<br>☐ No<br>☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). | 8. What is the basis of the claim?<br><br>Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____<br><br>_____ |

| | | |
|---|---|---|
| **9. Is all or part of the claim secured?**<br>☐ No<br>☐ Yes.  The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other.  Describe: _____<br>_____<br>**Basis for perfection:** _____<br>_____<br>Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:                          $_____<br>Amount of the claim that is secured:    $_____<br>Amount of the claim that is unsecured: $_____<br>(The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any<br>default as of the date of the petition:  $_____<br><br>Annual Interest Rate (when case was filed)   _____%<br>                                  ☐ Fixed    ☐ Variable | **10. Is this claim based on a lease?**<br>☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of petition**.<br>$_____<br><br>**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br>☐ No<br>☐ Yes. *Check one:*<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br><br>☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br><br>☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.<br><br>\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | **11. Is this claim subject to a right of setoff?**<br>☐ No<br>☐ Yes.  Identify the property:<br>_____<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.<br><br>**Amount entitled to priority**<br><br>$_____<br><br><br>$_____<br><br><br><br>$_____<br><br><br><br>$_____<br><br>$_____<br><br>$_____ |

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9)**: $_____

| **Part 3:** | **Sign Below** |
|---|---|
| **The person completing this proof of claim must sign and date it.  FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br>☐ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date   _____   _____<br>                     MM / DD / YYYY            Signature<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>Name       _____<br>                First name             Middle name              Last name<br><br>Title        _____<br><br>Company   _____<br>             Identify the corporate servicer as the company if the authorized agent is a servicer.<br><br>Address    _____<br>                Number             Street<br><br>                _____<br>                City                            State              ZIP Code<br><br>Contact Phone _____   Email _____ |

# Instructions for Proof of Claim
United States Bankruptcy Court

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571

### How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**
- **Fill in the caption at the top of the form.** The full list of debtors is provided under the overview section on the Claims Agent's website: http://dm.epiq11.com/Rockdale.
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.) Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information.** Leave out or redact confidential information both in the claim and in the attached documents.
- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State)*. See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed
To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (http://dm.epiq11.com/Rockdale) to view your filed form under "Claims."

### Where to Send Proof of Claim Form
**First-Class Mail:**

Rockdale Marcellus, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

**Hand Delivery or Overnight Mail:**
Rockdale Marcellus, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**Electronic Filing:**
By accessing the E-filing Claims link at
https://dm.epiq11.com/Rockdale

### Understand the terms used in this form

**Administrative expense**: Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim**: A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor**: A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor**: A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection**: Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy**: A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim**: A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim**: A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information**: Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a)**: A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff**: Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier**: An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim**: A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

Do not file these instructions with your form.