Case 21-22080-GLT   Doc 404   Filed 11/16/21   Entered 11/16/21 09:34:59   Desc Main
Document      Page 1 of 14

FILED
11/16/21 8:16 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ROCKDALE MARCELLUS HOLDINGS, LLC and ROCKDALE MARCELLUS, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-22080-GLT<br><br>(Jointly Administered) |
| ROCKDALE MARCELLUS HOLDINGS, LLC and ROCKDALE MARCELLUS, LLC,<br><br>Movants,<br><br>v.<br><br>NO RESPONDENT. | Document No. ____<br><br>Related to Document No. 132 & 403 |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Upon consideration of the *Motion for Entry of an Order Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Couse of Business* (the "Motion"), filed by the above-captioned debtors (the "Debtors");[2] all as further described in the Motion; and the Court having reviewed the Motion and the First Day Declaration; and having heard the statements of counsel at the hearing on the Motion, if any; and the Court finding that: (i) the Court has jurisdiction over the Debtors, their estates, property of the estates, and this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) the Court may enter a final order consistent with Article III of the United States Constitution; (iii) this is a core proceeding under 28 U.S.C. § 157(b); (iv) venue of this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; (v) notice of the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Rockdale Marcellus Holdings, LLC (7117); and Rockdale Marcellus, LLC (8767). The Debtors' address is 4600 J. Barry Ct., Suite 220, Canonsburg, PA 15317.

[2] Capitalized terms used but not defined in this order have the meanings given in the Motion.

and the hearing thereon was sufficient under the circumstances; (vi) the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and (vii) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. To the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized, but not directed, in their sole discretion, to retain and pay the reasonable fees and expenses of the Ordinary Course Professionals identified on **Exhibit B** (as may be amended or supplemented by the Debtors from time to time in accordance with this Order) to the Motion in the ordinary course of business, in accordance with the following procedures:

   a. **Submission of Rule 2014 Declarations**. Within thirty (30) days after the later of the entry of this order and the date on which the Ordinary Course Professional (listed on Schedule B to the Motion) commences post-petition services for the Debtors, the Debtors shall file a declaration of disinterestedness (a "Declaration"), substantially in the form attached as **Exhibit 1** to the proposed order, on behalf of each Ordinary Course Professional that the Debtors seek to employ, certifying that the professional does not hold any interest adverse to the Debtors or their estates with respect to the matters on which the professional is sought to be employed, prior to paying any fees to the Ordinary Course Professional.

   b. **Reviewing Parties**. The Debtors shall serve copies of the Declarations on the parties identified on the Master Service List established in the Chapter 11 Cases (collectively, the "Reviewing Parties").

   **Objections to Retention of Ordinary Course Professionals**

   c. The Reviewing Parties shall have fourteen (14) days after service of the Declaration (the "Objection Deadline") to notify the Debtors, the other Reviewing Parties, and the relevant Ordinary Course Professional, in writing of any objection to the retention, employment, or compensation of the Ordinary Course Professional.

   d. If no objections are received by the Debtors by the Objection Deadline in accordance with the foregoing paragraph with respect to any particular Ordinary Course Professional, retention of such Ordinary Course Professional shall be deemed approved and effective as of the later of the Petition Date or the date the

Ordinary Course Professional commenced work, and the Debtors shall be authorized to compensate such Ordinary Course Professional as set forth below.

e. If an objection is asserted by a Reviewing Party with respect to the retention of a particular Ordinary Course Professional and such objection is not resolved within fourteen (14) calendar days of the Objection Deadline (the "Resolution Deadline"), the Debtors shall schedule the matter for a hearing before the Court to be held on the next regularly scheduled hearing date that is at least fourteen (14) days from the Resolution Deadline (unless otherwise agreed to by the Debtors and the objecting Reviewing Party). No Ordinary Course Professional shall be paid any amounts for invoiced fees or expense reimbursement until outstanding objections have been withdrawn, resolved, or overruled by order of the Court and the Ordinary Course Professional has been retained in accordance with these procedures.

**Invoices and Monthly Cap**

f. Each Ordinary Course Professional retained in accordance with these procedures shall provide the Debtors with monthly invoices for services rendered during a billing period (the "Invoices"). The Invoices must set forth in reasonable detail the nature of the services rendered and disbursements incurred by such Ordinary Course Professional. Provided that the Ordinary Course Professional's retention has been approved in accordance with these procedures, the Debtors are authorized, but not directed, to pay each Ordinary Course Professional, without further application to the Court, 100% of the post-petition fees and disbursements requested in such Invoices; *provided*, *however*, that for each Ordinary Course Professional, the total fees, excluding costs, expenses and disbursements, shall not exceed $30,000 per month per Ordinary Course Professional based on a rolling three month average of fees paid to such Ordinary Course Professional during the pendency of the Chapter 11 Cases (the "Monthly Cap"). Any contingency fees earned by an Ordinary Course Professional on account of recoveries realized on behalf of the Debtors shall not be subject to the Monthly Cap.

g. The Monthly Cap may be increased by mutual agreement between the Debtors, the Official Committee of Unsecured Creditors, and the U.S. Trustee, *provided* that the Debtors shall file a notice with the Court and submit notice to the Reviewing Parties of any such agreed increase to the Monthly Cap.

**Fees in Excess of Monthly Cap**

h. If an Ordinary Course Professional seeks payment of an amount that is more than the Monthly Cap in a given period, subject to paragraph 14(g), such Ordinary Course Professional will be required to, on or after the 20th day of the month following the period for which the additional fees and disbursements are being sought, serve a fee application in compliance with sections 330 and 331 of the Bankruptcy Code and any applicable provisions of the Bankruptcy Rules, the Local Rules, and any other procedures and orders of the Court ("Fee Application") for the full amount of fees and disbursements sought in such month on the Reviewing

Parties; *provided, however*, that if an Ordinary Course Professional does not in the ordinary course of business maintain time records in tenth-of-an-hour increments, and indicates that to be the case in its Declaration, the requirements of Local Rule 2016-2 shall be waived to permit said Ordinary Course Professional to submit time records in whatever time increments such professional ordinarily maintains their time, and setting forth a description of the services rendered and the professionals rendering such services on behalf of the Debtors.

i. In connection with any Fee Application filed by an Ordinary Course Professional that is an attorney, that Ordinary Course Professional shall make reasonable efforts to comply with the U.S. Trustee's requests for information and disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013.

j. If any Reviewing Party has an objection to the compensation or reimbursement sought in a particular Fee Application, such party shall, within fourteen (14) calendar days following the service of the relevant Fee Application (the "Fee Application Objection Deadline"), serve upon the Debtors, the Ordinary Course Professional whose Fee Application is objected to, and the other Reviewing Parties, a written objection setting forth the nature of the objection and the amount of fees or expenses at issue. The Debtors may extend the Fee Application Objection Deadline as to any Notice Party without further order of the Court.

k. If the Debtors do not timely receive an objection to a particular Fee Application on or prior to the Fee Application Objection Deadline, the Debtors shall promptly thereafter pay all fees and expenses identified in such Fee Application to which no objection has been served.

l. If the Debtors timely receive an objection to a particular Fee Application, on or prior to the Fee Application Objection Deadline, the Debtors shall withhold payment of that portion of the Fee Application to which the objection is directed and promptly thereafter pay the remainder of the fees and disbursements unless the Court, upon notice and a hearing, directs payment to be made.

m. If the parties to an objection are able to resolve their dispute, and if the applicable Ordinary Course Professional serves upon the Reviewing Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly thereafter pay that portion of the Fee Application no longer subject to an objection.

n. All objections served in accordance with these procedures and not resolved by the relevant parties shall be preserved and presented to the Court on notice.

**Additional Ordinary Course Professionals**

o. The Debtors reserve the right to retain additional professionals not already listed on **Exhibit B** to the Motion ("Additional Ordinary Course Professionals") in the

ordinary course of business during the Chapter 11 Cases if such a need arises, *provided* that the Debtors and such Additional Ordinary Course Professionals shall comply with these procedures.

p.  If an Additional Ordinary Course Professional is retained, within thirty (30) calendar days of such retention, the Debtors shall file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the list of Ordinary Course Professionals (the "<u>Supplemental Notice of Ordinary Course Professionals</u>"), along with a copy of the applicable Ordinary Course Professional Declaration. Such authorization is effective *nunc pro tunc* to the date of filing of the Supplemental Notice of Ordinary Course Professionals to the applicable date of engagement, provided that the latter is not more than thirty (30) calendar days prior to the filing of the Supplemental Notice of Ordinary Course Professionals.

q.  If no objection to the Supplemental Notice of Ordinary Course Professionals is filed with the Court and served upon the Debtors' counsel as set forth above, so as to be actually received within seven (7) days after the service thereof, the list set forth in the Supplemental Notice of Ordinary Course Professionals shall be deemed approved by the Court without the need for a hearing or further Court order. If the parties cannot resolve any such objection, the matter shall be scheduled for a hearing on the next available omnibus hearing date before the Court. Any Ordinary Course Professionals retained pursuant to the Supplemental Notice of Ordinary Course Professionals shall be paid in accordance with the terms and conditions set forth in the paragraphs above.

**Periodic Statements of Payments to Ordinary Course Professionals**

r.  Within thirty (30) calendar days after the end of, and with respect to, each full three (3) month period after the entry of the Proposed Order (including any initial partial month in the first period), the Debtors shall file a periodic payment summary statement with the Court and serve such statement upon the Reviewing Parties; *provided* that the initial quarter shall be the Petition Date through December 31, 2021.

s.  The summary statement shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (iii) a general description of the services rendered by such Ordinary Course Professional.

t.  The Notice Parties shall be permitted to file objections with the Court to the payments to the Ordinary Course Professionals identified in the quarterly statement within fourteen (14) days following service of the quarterly statement (the "Quarterly Statement Objection Deadline"). If an objection to the fees and expenses of an Ordinary Course Professional is filed with the Court on or before

the Quarterly Statement Objection deadline, such fees and expenses will be subject to review and approval by the Court pursuant to section 330 of the Bankruptcy Code to the extent that such objection is not consensually resolved.

u. The obligation to file summary statements shall terminate upon confirmation of a chapter 11 plan in the Chapter 11 Case, *provided* that a summary statement will be filed with respect to the final period (or partial period) ending on such confirmation date.

3. The Debtors' authorization to retain and compensate each Ordinary Course Professional pursuant to the foregoing procedures shall be effective as of the later of the Petition Date or the date the Ordinary Course Professional commences post-petition services for the Debtors.

4. The Debtors' right to dispute any Invoices shall not be affected or prejudiced in any manner by the relief granted in this Order.

5. This Order is without prejudice to the Debtors' right to request modification of the Monthly Cap.

6. The form of Declaration attached to this Order as **Exhibit 1** is approved.

7. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

8. Nothing in this Order shall preclude an Ordinary Course Professional from subsequently seeking retention as an estate professional under sections 327 or 328 of the Bankruptcy Code.

9. The list of the initial Ordinary Course Professionals contained in Exhibit B to the Motion shall be deemed amended to remove Steptoe & Johnson PLLC without prejudice to the Debtors' right to retain such firm as an Additional Ordinary Course Professional in the future subject to the procedures set forth in this Order.

10. All time periods set forth in this Order shall be calculated in accordance

with Bankruptcy Rule 9006(a).

11. The Debtors are authorized and empowered to take all reasonable actions necessary to implement the relief granted in this Order.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

13. Proposed counsel for the Debtors shall serve or cause to be served a copy of this order on the proposed master service list and file a certificate of service within three business days of entry of this order. Notice of the order by ECF or e-mail shall constitute good and sufficient notice of the order.

Prepared by:  Luke A. Sizemore, Esq.

Dated:  November 16, 2021

_____
GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

Form Declaration of Disinterestedness

(Attached)

Case 21-22080-GLT    Doc 404    Filed 11/16/21    Entered 11/16/21 09:34:59    Desc Main
Document    Page 8 of 14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Chapter 11 |
| ROCKDALE MARCELLUS HOLDINGS, LLC and ROCKDALE MARCELLUS, LLC,[1] | Case No. 21-22080-GLT (Jointly Administered) |
| Debtors. | Document No. _____ |

**DECLARATION OF DISINTERESTEDNESS OF
PROPOSED ORDINARY COURSE PROFESSIONAL**

I, _____, pursuant to 28 U.S.C. § 1746, declare that the following is true to the best of my knowledge, information, and belief:

1. I am a [Position] of [Firm], located at [Street, City, State, Zip Code] (the "Firm").

2. On _____, 2021, the United States Bankruptcy for the Western District of Pennsylvania (the "Court") entered the *Order Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Couse of Business* [Doc. No. __] (the "OCP Order") authorizing Rockdale Marcellus Holdings, LLC and Rockdale Marcellus, LLC, as debtors and debtors-in-possession (together, the "Debtors"), to retain the services of certain professionals to represent it in matters that do not directly relate to the Debtors' administration of the above-captioned chapter 11 cases (the "Chapter 11 Cases"). This declaration ("Declaration") is submitted in accordance with the OCP Order.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Rockdale Marcellus Holdings, LLC (7117); and Rockdale Marcellus, LLC (8767). The Debtors' address is 4600 J. Barry Ct., Suite 220, Canonsburg, PA 15317.
[2] All capitalized terms used but not otherwise defined in this Declaration shall have the meanings ascribed to such terms in the OCP Order.

3. The Debtors wish to retain the Firm to continue providing ordinary course services during the Chapter 11 Cases, and the Firm has consented to provide such services (the "Services").  The Firm [IS / IS NOT] a legal services firm.  [If the firm is a legal services firm, please state the area of law.]

4. The Services include, without limitation, the following: [_____].

5. The Firm [HAS / HAS NOT] provided services to the Debtors prior to September 21, 2021 (the "Petition Date").

6. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to the Debtors or to the Chapter 11 Cases for persons that are parties in interest in the Chapter 11 Cases.  The Firm does not perform services for any such person in connection with the Debtors or to the Chapter 11 Cases.  In addition, the Firm does not have any relationship with any such person, their attorneys, or their accountants that would be adverse to the Debtors or their estates.

7. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in the Chapter 11 Cases.

8. Neither I nor any principal, partner, director or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, is a relative of the United States Bankruptcy Judge assigned to the Chapter 11 Cases, and the Firm does not have a connection with the United States Bankruptcy Judge that would render the Firm's retention in the Chapter 11 Cases improper.  Further, the Firm does not have any connection with the Office of the United States

Trustee for the Western District of Pennsylvania (the "U.S. Trustee") or any persons employed by the U.S. Trustee.

9. Except as set forth herein, neither I nor any principal, partner, director or officer of, or professional employed by nor any principal of, the Firm has agreed to share, or will share, any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

10. To the best of my knowledge, neither the Firm nor any professionals who are expected to provide the Services to the Debtors holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be employed.

11. [For all Firms other than Legal Services Firms that represented the Debtors prepetition] The Firm is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code").

12. The Firm intends to bill the Debtors for professional services rendered in connection with the Chapter 11 Cases in accordance with the OCP Order, with such bill to include compensation for services based on the hourly rates set forth below, plus reimbursement of actual and necessary expenses and other charges incurred by the Firm.  The principal [attorneys and paralegals / other professionals] / [employees] designated to represent the Debtors and their current standard rates are:

[PLACEHOLDER FOR LIST OF PROFESSIONALS AND HOURLY RATES]

13. The rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Such rates are the Firm's standard rates for work of this nature. The rates are set at a level designed to fairly compensate the Firm for the work of its [attorneys

and paralegals / other professionals] / [employees] and to cover fixed and routine overhead expenses.

14. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, [PLACEHOLDER FOR DESCRIPTION OF EXPENSES] and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

15. No representations or promises have been received by the Firm, nor by any principal, partner, director, officer, or professional thereof, as to compensation in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.

16. The Debtors [do / do not] owe the Firm for any fees or expenses incurred prior to and unpaid as of the Petition Date, the payment of which is subject to the limitations contained in the Bankruptcy Code. [The Debtors owe the Firm $_____ for prepetition services.]

17. To the extent the Debtors do owe the Firm any fees or expenses incurred prior to or and unpaid as of the Petition Date, the Firm [does / does not] waive its right to payment for those unpaid amounts.

18. [As of the Petition Date, the Firm held a retainer from the Debtors in the amount of $_____.] OR [As of the Petition Date, the Firm did not hold a retainer from the Debtors.]

19. The Firm [does / does not] keep time records in one-tenth of an hour increments in the ordinary course of business. [IF THE FIRM DOES NOT KEEP TIME IN ONE-

TENTH OF AN HOUR INCREMENTS, PLEASE EXPLAIN HOW TIME RECORDS ARE KEPT.]

20. As of the Petition Date, the Firm [was / was not] party to an agreement for indemnification with the Debtors. [A copy of such agreement is attached as **Exhibit A** to this Declaration.]

21. [*If there is an indemnification agreement*: Such agreement for indemnification (the "OCP Agreement") is subject to the following modifications, applicable during the pendency of the Chapter 11 Cases:

    a.    The Firm shall not be entitled to indemnification, contribution, or reimbursement for services provided under the OCP Agreement other than those described in such OCP Agreement, unless such services and indemnification therefor are approved by the Court.

    b.    Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the Firm, or provide contribution or reimbursement to the Firm, for any claim or expense related to such OCP Agreement that is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Firm's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of the Firm's contractual obligations under the OCP Agreement; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which the Firm should not receive indemnity, contribution or reimbursement under the terms of the OCP Agreement as modified by this Order.

    c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (such order having become a final order and no longer subject to appeal), or (ii) the entry of an order closing the Chapter 11 Cases, the Firm believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by the Court's Order), including without limitation the advancement of defense costs, the Firm, must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Firm, before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Firm for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Firm. All parties in interest in the Chapter 11 Cases shall retain

the right to object to any demand by the Firm for indemnification, contribution, or reimbursement.]

22. The Firm has reviewed the OCP Order and understands the limitations on compensation and reimbursement of expenses thereunder. Specifically, the Firm understands that in the event that it exceeds the Monthly Cap, the Firm will be required to file with the Court an application for allowance and payment of any fees and/or expenses that exceed the Monthly Cap in accordance with sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Rules, and any applicable orders or procedures of the Court.

23. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors or other parties in interest in the Chapter 11 Cases, and upon conclusion of such inquiries, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: _____, 2021        _____
       [CITY, STATE]                          [NAME OF DECLARANT]