FILED
11/23/21 3:56 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>ROCKDALE MARCELLUS HOLDINGS, LLC, and ROCKDALE MARCELLUS, LLC,[1]<br><br>     Debtors.<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ROCKDALE MARCELLUS HOLDINGS, LLC, and ROCKDALE MARCELLUS, LLC,<br><br>     Movant,<br><br>  v.<br><br>NO RESPONDENT. | Case No. 21-22080-GLT<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>Document No.<br><br>Related to Doc. Nos. 276, 358, 397<br><br>Hearing Date: December 14, 2021<br><br>Hearing Time: 1:00 PM |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF RIVERON RTS, LLC AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon the *Official Committee of Unsecured Creditors' Application for an Order Authorizing the Retention and Employment of Riveron RTS, LLC f/k/a Conway MacKenzie, LLC ("RTS") as Financial Advisor Effective as of October 7, 2021* [Docket No. 276] (the "Application"),[2] and upon consideration of the Declaration of Gary R. Barton filed in support thereof (the "Barton Declaration"), the Supplemental Declaration of Gary R. Barton filed in support thereof [Docket No. 357], the Supplement to the Application [Docket No. 442] appending

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Rockdale Marcellus Holdings, LLC (7117); Rockdale Marcellus, LLC (8767). The Debtors' address is 4600 J. Barry Ct., Suite 220, Canonsburg, PA 15317.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

the Second Supplemental Declaration of Gary R. Barton and the Declaration of John T. Young, Jr. (the "Supplement"), and the Court being satisfied with the representations made in the Application and all supporting declarations that RTS is a disinterested person to the extent required by Bankruptcy Code section 101(14), that RTS holds and/or advises no interest adverse to any of the Debtors' estates and that RTS's employment is necessary and in the best interests of the Debtors, their creditors, the Committee, and all parties in interest; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing, therefore, it is hereby:

ORDERED, that, pursuant to Bankruptcy Code sections 328(a), 330, and 1103, the Committee is authorized to employ and retain RTS as financial advisor effective as of October 7, 2021, pursuant to and on the terms and conditions set forth in the Application, as modified by the Supplement and this Order; and it is further

ORDERED, that each of the Debtors shall be jointly and severally responsible for RTS's compensation and expenses in these chapter 11 Cases; and it is further

ORDERED, that the Indemnification Provisions identified on Exhibit C to the Application are hereby approved; subject to the following:

    (a)    The "Indemnified Persons" (as that term is defined in Exhibit C to the Application) shall not be entitled to indemnification, contribution or reimbursement pursuant to the Application, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

    (b)    The Debtors shall have no obligation to indemnify the Indemnified Persons, or provide contribution or reimbursement to the Indemnified Persons, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from RTS's gross negligence, willful misconduct, fraud, breach of fiduciary duty, if any, bad faith or self-dealing, (ii) for a contractual dispute in which the Debtors allege the breach of RTS's contractual obligations, if the Court determines (the

2

determination having become final) that indemnification, contribution or reimbursement would not be permissible pursuant to applicable law, or (iii) settled prior to a judicial determination as to RTS's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which RTS should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 Cases, the Indemnified Persons believe that they are entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Application), including without limitation the advancement of defense costs, the Indemnified Persons must file an application therefore in this Court, and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Persons for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Persons. All parties in interest shall retain the right to object to any demand by the Indemnified Persons for indemnification, contribution or reimbursement; and it is further

ORDERED that RTS shall file interim and final fee applications for allowance of its compensation and expenses subject to the jurisdiction and approval of this Court under sections 328(a) of the Bankruptcy Code and in accordance with the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court. The fees payable to RTS shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, provided, however, that the U.S. Trustee shall retain the right to object to the fees payable to RTS based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. For billing purposes, RTS shall keep its time in one tenth (1/10) hour increments; and it is further

ORDERED that in the event that, during the pendency of these Cases, RTS seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records

from such attorneys shall be included in RTS's fee applications and such invoices and time records shall be in compliance with the Local Rules, and shall be subject to approval of the Court; the estates are not obligated to reimburse RTS for attorneys' fees and/or expenses pursuant to this Order, and any such requests for reimbursement of attorneys' fees and/or expenses are not being pre-approved pursuant to this Order; and it is further

ORDERED, that RTS shall not seek compensation or reimbursement from the Debtors' estates for any fees or expenses incurred in defending any of RTS's fee applications in these bankruptcy Cases; and it is further

ORDERED that notwithstanding anything in the Application to the contrary, RTS shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid; and it is further

ORDERED that notwithstanding anything in the Application to the contrary, to the extent that RTS uses the services of non-affiliated independent or third party contractors or subcontractors (the "Contractors") in these Cases and RTS seeks to pass through the fees and/or costs of the Contractors to the Debtors, RTS shall (i) pass through the fees of such Contractors to the Debtors at the same rate that RTS pays the Contractors; and (ii) seek reimbursement for actual costs of the Contractors only. In addition, RTS shall ensure that the Contractors perform the conflicts checks and file such disclosures as required by Bankruptcy Code and Bankruptcy Rules; and it is further

ORDERED that RTS will review its files periodically during the pendency of these chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new

relevant facts or relationships are discovered or arise, RTS will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Federal Rules of Bankruptcy Procedure 2014(a); and it is further

ORDERED that to the extent there is inconsistency between the terms of the Application, the Barton Declaration and this Order, the terms of this Order shall govern; and it is further

ORDERED that RTS shall use its best efforts, and will coordinate with the Debtors and its other retained professionals, not to duplicate any of the services provided to the Debtors by any of its other retained professionals, and it is further

ORDERED, that the Committee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED, that to the extent the Committee wishes to expand the scope of RTS's services beyond those services set forth in the Application or this Order, the Committee shall be required to seek further approval from this Court. The Committee shall file notice of any proposed additional services (the Proposed Additional Services) and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, any official committee appointed in these chapter 11 Cases, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within fourteen (14) days of the Committee filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: November 23, 2021

　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Gregory L. Taddonio
　　　　　　　　　　　　　　　　　　　　　　　　HONORABLE GREGORY L. TADDONIO
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

Case Administrator to serve:
Daniel R. Schmizzi, Esq.
Michael J. Roeschenthaler, Esq.
Scott M. Hare, Esq.
Bradford J. Sandler, Esq.
Robert Feinstein, Esq.